UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ BALLADARES,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL CADILLAC, INC.,<br><br>            Defendant. | Case No.   1:20-cv-00563-DAD-JDP<br><br>SCHEDULING CONFERENCE ORDER<br><br>Amendment<br>to Pleadings:           September 30, 2020<br><br>Initial Disclosures:   August 19, 2020<br><br>Expert Disclosure:     January 20, 2021<br><br>Supplemental<br>Expert Disclosure:     February 10, 2021<br><br>Non-expert<br>Discovery Cutoff:      March 22, 2021<br><br>Expert<br>Discovery Cutoff:      March 22, 2021<br><br>Motion for Class<br>Cert. Deadline:        April 21, 2021<br><br>Pretrial Motion<br>Filing Deadline:       July 16, 2021<br><br>Mid-Discovery<br>Status Report:         November 2, 2020<br><br>Status Conf.:          Date:  October 15, 2021<br>                       Time: 10:00 AM |

1

Place:  Telephonic

This court conducted a scheduling conference on August 20, 2020.  Counsel Manuel Hiraldo appeared by telephone on behalf of plaintiff.  Counsel Harrison Brown appeared by telephone on behalf of defendant.  Under Fed. R. Civ. P. 16(b), this court sets a schedule for this action.

1. **Amendment to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by **September 30, 2020.**

2. **Current Status of Consent to the Magistrate Judge Jurisdiction**

Under 28 U.S.C. § 636(c), both parties have not consented to conduct all further proceedings in this case, including trial, before a U.S. Magistrate Judge.

3. **Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be completed by **August 19, 2020**.

4. **Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **January 20, 2021**.  Supplemental expert witness disclosures by any party shall be served no later than **February 10, 2021**.  Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than **March 22, 2021**.  All expert discovery, including motions to compel, shall be completed no later than **March 22, 2021**.  Compliance with these discovery cutoffs requires motions to compel be

filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

The parties will file a mid-discovery status report by **November 2, 2020** and request a conference if necessary.

**5. Pretrial Motion Schedule**

Plaintiff's motion for class certification shall be served and filed on or before **April 21, 2021**.

All pre-trial motions, both dispositive and non-dispositive (except motions to compel and plaintiff's motion for class certification, addressed above), shall be served and filed on or before **July 16, 2021.**  Non-dispositive motions are heard on Fridays at 10:00 a.m., before the Honorable Jeremy D. Peterson, United States Magistrate Judge, in Courtroom 6.  Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge Peterson's chambers by email to jdporders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Peterson shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions before Judge Peterson by telephone by dialing the court's teleconference line at 1-888-204-5984 and entering

Access Code 4446176, provided they indicate their intent to appear telephonically on their pleadings or by email to jdporders@caed.uscourts.gov at least one week prior to the hearing.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**6.  Mandatory Settlement Conference**

The parties have not agreed to a settlement conference at this time.  However, one may be appropriate after discovery.  The parties will submit a joint statement within one week of the close of discovery, indicating whether they consent to a settlement conference at that time.  If so, a settlement conference will be set by separate order.  The parties are advised that unless otherwise permitted in advance by the court, the attorneys or pro se parties who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**7.  Status Conference Re: Pretrial Conference and Trial**

District Judge Dale A. Drozd is the sole active district judge in this Division and may not

be available to conduct the pre-trial conference and trial in this action. It is uncertain when the case may proceed to trial. Accordingly, I decline to set a pretrial conference or trial date at this time. Instead, I will conduct a telephonic status conference on **October 15, 2021, at 10:00 AM** to discuss the status of the case and whether pretrial conference and trial dates may be set. No later than seven (7) days before the status conference, the parties shall file a two-to-three-page status report indicating the status of the case, proposed dates for a pretrial conference and trial, a statement as to whether the case is a jury or non-jury case, and an estimate of the number of trial days. The parties may appear at the conference by telephone with each party using the following dial-in number and access code: **dial-in number 1-888-204-5984; access code 4446176.**

    **8.  Effect of This Order**

    This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

    The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.

    The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.


Dated:    August 20, 2020                    _____
                                             UNITED STATES MAGISTRATE JUDGE


No. 204.